1

2

3

4

5

6

7

8        UNITED STATES DISTRICT COURT

9        SOUTHERN DISTRICT OF CALIFORNIA

10

11   WILLIAM MITCHELL BOWMAN,              Case No.:  20-cv-2250-GPC-MSB

12                          Plaintiff,
                                             **ORDER DENYING PETITIONER'S**
13   v.                                      **MOTION TO STAY PENDING**
                                             **APPEAL**
14   STEVEN C. STAFFORD, Acting United
     States Marshal for the Southern District of
15   California,

16                          Defendants.

17

18        On January 14, 2022, Petitioner William Mitchell Bowman ("Petitioner") filed a

19   Motion to Stay Surrender Pending Appeal. ECF No. 29. The Court set a briefing

20   schedule, and the parties fully briefed the issue. ECF Nos. 30, 33, 34. Having read and

21   considered the parties' arguments, and for the reasons discussed below, the Court

22   HEREBY DENIES Petitioner's Motion to Stay Pending Appeal.

23

24

25

26

27
                                          1
28
                                                        20-cv-2250-GPC-MSB

## I.    BACKGROUND[1]

On November 19, 2019, the United States filed a Complaint pursuant to 18 U.S.C. § 3184, seeking Petitioner's extradition to Scotland based on charges filed against Petitioner by the Scottish Procurator Fiscal of the Court for the Public Interest on April 16, 2015. *In re Extradition of Bowman*, No. 19mj5089-JLB, 2020 WL 6689807, at *1 (S.D. Cal. Nov. 13, 2020). Magistrate Judge Jill Burkhardt held an extradition hearing on September 11, 2020. *Id.* at *2. The Magistrate Judge then issued an order certifying Petitioner as extraditable as to three counts of lewd, indecent, and libidinous practices and behavior, as well as two counts of rape. *Id.* at *13. Following the Magistrate Judge's finding, Petitioner filed a Petition for Writ of Habeas Corpus before this Court. ECF No. 1. Petitioner argued that Scotland failed to provide the "text of the law" as required by the extradition treaty between Scotland and the United States, that the extradition request failed to provide sufficient and competent evidence to support probable cause, that the request failed to meet the requirements of dual criminality because Petitioner had committed some of the alleged violations as a juvenile, and that the request violated the Fifth and Sixth Amendments of the United States Constitution because the delay in prosecution violated Petitioner's due process rights. *See* ECF No. 15, ECF No. 23. After briefing and hearings, this Court issued an Order Denying the Petition for Writ of Habeas Corpus. ECF No. 24. The Court reviewed the Magistrate Judge's legal rulings de novo, and the Magistrate Judge's findings of fact for clear error. ECF No. 24 at 5. Ultimately, the Court upheld the Magistrate Judge's ruling because the Court found competent evidence in the record to support probable cause, and rejected Petitioner's arguments as

---

[1] The underlying facts of the case are well known to the parties and described in detail in the Court's previous Order, ECF No. 24. As such, the Court will not reiterate them at length here.

1 to the text of the law, the dual criminality requirement, and the Fifth and Sixth

2 Amendments. *Id.*

3     On January 14, 2022 Petitioner noticed an appeal to the Ninth Circuit as to the

4 judgment denying the Petition for Writ of Habeas Corpus. ECF No. 28. On the same day,

5 Petitioner filed the instant Motion to Stay Surrender Pending Appeal. ECF No. 29.

6 Petitioner argues that he will be irreparably harmed absent a stay because his extradition

7 will have been carried out pending an appeal. *Id.* at 3. Petitioner also argues that his case

8 presents serious legal questions that are "fairly debatable [and] [s]ome are matters of first

9 impression" which should be heard by the Ninth Circuit. *Id.* Finally, Petitioner argues

10 that the government will not be harmed by issuance of the stay, because the government

11 could still surrender Petitioner to Scotland should his appeal be denied. *Id.* at 4. The

12 government opposes the Motion for Stay, arguing that Petitioner has not met his burden

13 in showing he is likely to succeed on the merits—because the Magistrate Judge and this

14 Court have already given serious consideration to Petitioner's arguments and found them

15 unconvincing. ECF No. 33 at 3. The government also argues that extradition alone does

16 not constitute the requisite irreparable injury that Petitioner must show. *Id.* at 5. Finally,

17 the government argues that the public interest also includes ensuring that the United

18 States abides by its treaty obligations in honoring the terms of the extradition treaty with

19 Scotland. ECF No. 33.

20 **II. LEGAL STANDARD**

21     As part of its traditional authority and power to administer justice, a federal court

22 can stay the enforcement of a judgment pending the outcome of an appeal. *Nken v.*

23 *Holder*, 556 U.S. 418, 421 (2009). In deciding whether to issue a stay, the Court

24 considers the following four factors: (1) whether the stay applicant has made a strong

25 showing that he is likely to succeed on the merits; (2) whether the applicant will be

26 irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure

27

28

20-cv-2250-GPC-MSB

the other parties interested in the proceeding; and (4) where the public interest lies. *Id.* at 434. The party requesting a stay bears the burden of showing that circumstances warrant this exercise of the court's discretion. *Id.* The first two factors of the traditional standard governing stays are the most critical. *Id.* Where the government is the opposing party, the third and fourth factors merge. *Id.* at 435.

In the extradition context, a motion for a stay pending appeal employs two interrelated legal tests. *Artukovic v. Rison*, 784 F.2d 1354, 1355-56 (9th Cir. 1986)). The two tests operate on a single continuum. *Id.* At one end of the continuum, Petitioner must show both a probability of success on the merits in his appeal and the possibility of irreparable injury. At the other end of the continuum, he must demonstrate that serious legal questions are raised and that the balance of hardships tips sharply in his favor. *Id.* Further, in extradition cases, the Court must consider "strongly" the public interest as an additional factor. *Id.* While a petitioner need not demonstrate that it is more likely than not that they will win on the merits, the standard requires a petitioner to show more than the "mere possibility" of success on the merits. *Nken*, 556 U.S. at 434; *see also Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011) (discussing the *Nken* standard as permitting a stay to issue upon a substantial case on the merits, as long as the other factors support the stay). A petitioner facing removal or extradition must show that irreparable harm is probable if the stay is not granted. *Id.* at 968.

## III. DISCUSSION

### A. Likelihood of Success on the Merits

Applying the two interrelated tests, Petitioner has not demonstrated a probability of success on the merits or presented serious legal questions. Nor has he shown that the balance of hardships tips sharply in his favor.

Petitioner's argument that Scotland failed to provide the "text of the law" and therefore has not met the terms of the treaty is one of the issues that Petitioner describes

4

as "fairly debatable" and a matter of "first impression."  Fairly debatable does not come close to showing that "it is more likely than not that [Bowman] will win on the merits."

Nor has Petitioner demonstrated that serious legal questions are raised and that the balance of hardships tip sharply in his favor. At most, Petitioner points out that the precise "text of the law" question raised here has not been previously decided.  A matter of first impression does not alone establish the existence of a serious legal question. On this issue, the Magistrate Judge opined that "the Court does not find Bowman's position to be a reasonable reading of the Treaty." *In re Extradition of Bowman*, No. 19mj5089-JLB, 2020 WL 6689807, at *6 (S.D. Cal. Nov. 13, 2020). Similarly, this Court declined to adopt Petitioner's reasoning because to do so would be to "unravel an entire treaty." ECF No. 24 at 9.

Petitioner's probable cause arguments were likewise twice rejected, with the Magistrate Judge finding that Scotland had established probable cause because the extradition request "meets all the requirements as to form and content set forth in the language of the Treaty." 2020 WL 6689807 at *9. This Court, in proceeding on Petitioner's writ of habeas corpus, then affirmed the Magistrate Judge's ruling on probable cause. ECF No. 24 at 13-17 (discussing competent evidence in the record supporting the Magistrate Judge's findings and distinguishing Petitioner's cited cases). Both courts also rejected Petitioner's dual criminality arguments, in part because "there is probable cause to believe that some of the criminal conduct occurred while Bowman was an adult . . . [and] even if Bowman had been a juvenile for all of the charged criminal conduct, the Court would not be persuaded that this would defeat dual criminality." 2020 WL 6689807 at *11; *see also* ECF No. 24 at 11 (concluding that the operative inquiry is not whether the proceedings would have been criminal or civil, but whether the conduct could have been punishable in the United States by a deprivation of liberty for a year or more).

1    Finally, both courts squarely rejected Petitioner's Fifth and Sixth Amendment

2  arguments because the argument "contravenes countless precedents, where it has long

3  been settled that United States due process rights cannot be extended extraterritorially."

4  *Id.* at 12 (citing *Kamrin v. United States*, 725 F.2d 1225, 1228 (9th Cir. 1984); *see also*

5  2020 WL 6689807 at *12 ("Because extradition proceedings are not criminal in nature,

6  the Fifth and Sixth Amendment speedy trial protections, which by their terms are only

7  available in criminal cases, are unavailable in extradition cases.") This Court is therefore

8  left without any basis for finding that Petitioner has shown a likelihood of success on the

9  merits. The lack of disagreement between both the Magistrate Judge and this Court in

10  evaluating any of Petitioner's arguments, as well as the clear and conclusive rejections

11  from both courts after considering these arguments, weigh against a stay.

12    **B.    Irreparable Injury**

13    Petitioner argues that irreparable injury will result without a stay because he will

14  be extradited, thus depriving him of the opportunity to litigate his claims before the Ninth

15  Circuit. ECF No. 34 at 3. Petitioner cites to *Artukovic v. Rison*, 784 F.2d 1354 (9th Cir.

16  1986) for the premise that "[t]he possibility of irreparable injury to [Petitioner] if we deny

17  his motion is evident: his appeal will become moot and will be dismissed since the

18  extradition will have been carried out." Petitioner fails to add, however, that the Ninth

19  Circuit went on to note that "[t]he balance of hardships, however, is tempered by

20  [Petitioner's] ability to defend himself at trial in Yugoslavia," and ultimately denied his

21  motion to stay extradition pending appeal. Furthermore, a Petitioner must show that the

22  irreparable harm is specific to his case, as opposed to a reason that would apply equally

23  to all others in all cases. *In re Extradition of Mathison*, 974 F. Supp. 2d 1296, 1305 (D.

24  Or. 2013) (citing *Leiva-Perez v. Holder*, 640 F.3d 962, 969 (9th Cir. 2011)). The

25  Supreme Court has also held that removal itself is not categorically irreparable. *Nken*,

26  556 U.S. 418 at 435.

27

6

28

1    Here, Petitioner has not pointed to irreparable injury beyond the removal itself, and

2    has not shown that any unique harm specific to his case would follow extradition. Even if

3    Petitioner's extradition alone could constitute the requisite irreparable harm, extradition

4    is not an inevitability. The Secretary of State determines in his discretion whether an

5    individual will be surrendered. *Prasoprat v. Benov*, 421 F.3d 1009, 1012 (9th Cir. 2005);

6    *see also United States v. Kin-Hong*, 110 F.3d 103 (1st Cir. 1997) (describing Secretary of

7    State's sole discretion to either order the extradition carried out, or to decline to surrender

8    the relator on a number of discretionary grounds). In Petitioner's case, the Secretary of

9    State has not yet made that determination, and it remains to be seen whether Petitioner

10   will in fact be extradited and removed.  Further, as in *Artukovic*, the balance of hardships

11   is allayed by Petitioner's ability to defend himself in any future trial in Scotland. In sum,

12   Petitioner has not provided adequate grounds to show that irreparable harm is probable if

13   the stay is not granted.

14          **C.      Injury to Other Parties and the Public Interest**

15          The third and fourth factors merge when the government is the opposing party.

16   *Leiva-Perez*, 640 F.3d at 970. Petitioner argues that the public has an interest in "ensuring

17   the orderly adjudication of an appeal," and that the government's interests will not be

18   injured because "[i]f Mr. Bowman's appeal were to be denied, the government could then

19   surrender him to the Scottish authorities." ECF No. 29 at 4. Petitioner does not cite to any

20   cases in support of its contentions that the public interest lies in the pursuit of an appeal.

21   The government counters that the public interest also lies in ensuring that the United

22   States abides by its treaty obligations. ECF No. 33 at 6.

23          The public interest will be served by the United States' compliance with a valid

24   extradition application under its treaty with Scotland. "Such proper compliance promotes

25   relations between the two countries, and enhances efforts to establish an international rule

26   of law or order." *Artukovic*, 784 F.2d at 1356; *see also Perez v. Mims*, No. 16-cv-1935,

27

28
                                                              20-cv-2250-GPC-MSB

2017 WL 374350, at *5 (E.D. Cal. Jan. 26, 2017) ("The Court cannot disregard the Government's interest in preserving an extradition treaty that also returns fugitives from American justice to the United States"). Therefore, the public interest weighs against the issuance of a stay as well.

## IV.   CONCLUSION

The Court concludes that Petitioner's case does not raise serious legal questions that weigh in favor of a stay, nor does the balance of hardships tip sharply in his favor. Because Petitioner has not shown that he is likely to succeed on the merits, has failed to demonstrate irreparable injury absent a stay, and because the public interest weighs against granting a stay in this case, the Court HEREBY DENIES Petitioner's Motion to Stay Surrender Pending Appeal.

**IT IS SO ORDERED.**

Dated:  February 2, 2022

Hon. Gonzalo P. Curiel
United States District Judge

8

20-cv-2250-GPC-MSB